**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFFERY LEE FITZHUGH,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 24-7875

D.C. No. 3:24-cv-00429-CAB-DEB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted April 22, 2026[**]

Before:    LEE, DESAI, and JOHNSTONE, Circuit Judges.

    Jeffery Lee Fitzhugh appeals pro se from the district court's judgment

dismissing as time-barred his Federal Tort Claims Act ("FTCA") action arising

from his arrest at the United States-Mexico border. We have jurisdiction under 28

U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Fitzhugh's action as time-barred because Fitzhugh filed his administrative claim more than two years after the incident and pleaded no facts to support equitable tolling. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."); *United States v. Wong*, 575 U.S. 402, 407-08, 410-12 (2015) (holding that FTCA deadlines are subject to equitable tolling, which requires a plaintiff to demonstrate diligent pursuit of his rights and an extraordinary circumstance that prevented him from meeting the deadline).

The district court did not abuse its discretion in denying Fitzhugh leave to file a second amended complaint because Fitzhugh failed to remedy the deficiencies identified by the district court despite an opportunity to do so. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) ("Where the plaintiff has previously filed an amended complaint . . . the district court's discretion to deny leave to amend is particularly broad." (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

24-7875

Fitzhugh's motion (Docket Entry No. 9) to supplement the record is denied.

**AFFIRMED.**